UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VESAL YAGHOOBI,<br><br>Plaintiff,<br><br>v.<br><br>TUFTS MEDICAL CENTER, et al.,<br><br>Defendants. | Civil Action No. 23-cv-12464-DLC<br><br><br>**ORDER** |

**CABELL, Magistrate Judge**

Vesal Yaghoobi, who is currently staying in Fairfax, Virginia, initiated this action on October 20, 2023 by filing a *pro se* complaint [ECF No. 1], a motion for leave to proceed *in forma pauperis* [ECF No. 2], a motion for appointment of counsel [ECF No. 3], and a motion for review of her cases. [ECF No. 5]. For the reasons stated below, the court will deny without prejudice the motions to proceed *in forma pauperis* and for appointment of counsel. The Court will also order that the motion for review of cases be terminated as moot. In addition, the Court will direct Yaghoobi to resolve the filing fee.

I.      **Motion for Leave to Proceed *in Forma Pauperis***

A person commencing a non-habeas civil action must (1) pay a $350 statutory fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*), *see* 28 U.S.C. § 1915(a)(1). A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). The determination of what constitutes "unable to pay" is left to the sound discretion of the district court based on the information

submitted by the plaintiff.  *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.) (citing *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)), *aff'd,* 52 Fed. App'x 157 (2d Cir. 2002).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute," and the *in forma pauperis* statute does not require an individual to "contribute . . . the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Rather, the litigant must show she cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Id.*  "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman*, 195 F. Supp. 2d at 537 (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

In her motion for leave to proceed *in forma pauperis*, Yaghoobi represents that she has employment income and identifies the amount thereof.  She does not indicate whether she has any money (in cash or in a checking or savings account).  Yaghoobi states that her monthly expenses consist of rent, payment on a personal loan, and payment for credit card debt.[1]  However, it is unclear how she accesses the basic necessities of life in light of her financial obligations.  Accordingly, the motion for leave to proceed *in forma pauperis* is DENIED without prejudice.  If Yaghoobi wishes to proceed without prepayment of the filing fee, she must file a renewed motion for leave to proceed *in forma pauperis* by submitting a completed Application to

---

[1] Yaghoobi also identifies an automobile lease as one of her monthly expenses.  However, she indicates elsewhere in the *in forma pauperis* motion that she and her sister share "ownership" of a vehicle and that the sister drives and makes payments on the car.  Without further clarification from Yaghoobi, the court assumes that her sister makes the automobile lease payment that Yaghoobi identifies as one of her monthly expenses.

Proceed in District Court Without Prepaying Fees or Costs. She must also supplement the form with additional information demonstrating how she is provided the basic necessities of life and must report any support—monetary or in kind—she receives from other individuals such as a relative or other next friend.

## II.     Motion for Appointment of Counsel

A civil plaintiff does not have a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, attorneys appointed under this statute are not paid by the court for their time, and the court cannot force attorneys to accept *pro bono* appointments. Even where the court finds that appointment of *pro bono* counsel would be appropriate, the court often cannot find an attorney willing to accept a *pro bono* appointment for the case. Thus, this scarce resource is reserved for exceptional circumstances.

Pending resolution of the filing fee and possible review of the sufficiency of the complaint, *see* 28 U.S.C. 1915(e)(2) (allowing a court to dismiss an *in forma pauperis* complaint or any claim therein that is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a party that is immune from such relief), the court declines to appoint counsel. Yaghoobi may renew the motion if the court later orders that summonses issue and the defendants have responded to the complaint.

## III.    Conclusion

In accordance with the foregoing, the court hereby orders:

(1)    The motion for leave to proceed *in forma pauperis* [ECF No. 2] is DENIED without prejudice. If Yaghoobi wishes to pursue this action, she should, no later than February

12, 2024, either (1) pay the $405 filing fee; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by supplemental financial information as outlined above.  Failure to follow this directive could result in dismissal of this action by a District Judge.

  (2) The motion for appointment of counsel [ECF No. 3] is DENIED without prejudice.

  (3) In light of the present order, the motion for review of cases [ECF No. 5] shall be terminated as moot.

             /s/ Donald L. Cabell
             DONALD L. CABELL, U.S.M.J.

DATED:  January 22, 2024