UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VESAL YAGHOOBI,<br><br>               Plaintiff,<br><br>               v.<br><br>TUFTS MEDICAL CENTER, INC; TUFTS MEDICINE, INC.; POINT32HEALTH, INC.; PHYSICIAN HEALTH SERVICES, INC.; MATTHEW SHORTELLE, JD; KARI ROBERTS, MD; ADNAN QAMAR, MD; ZAHRA JALALI, MD; JUSTIN POPSO, MD; GLENN BAUMANN, MD; JESSICA BROWN, RN; MICHELE HAGAN, LICSW; and SOTHY SOEUM,<br><br>             Defendants. | No. 23-cv-12464-DLC |

**ORDER ON DEFENDANTS' MOTION TO DISMISS (D.48)**

CABELL, U.S.M.J.

    Vesal Yaghoobi ("Yaghoobi" or "the plaintiff") has brought an action against multiple entities arising from interactions she had at Tufts Medical Center on or around August 24, 2023. Two of the defendants, Point32Health, Inc. d/b/a Tufts Health Plan ("Point32Health"), and Tufts Medical Center employee Sothy Soeum ("Soeum") (collectively the "Point32 defendants"), move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint against them for failure to state a valid claim. The motion is granted for the reasons explained below.

I.  **Relevant Background**

Accepting the amended complaint's salient allegations as true for purposes of the motion to dismiss, Yaghoobi was at all relevant times a third-year pathology resident at Tufts Medical Center ("Tufts").  In early August 2023 she[1] discovered what she believed to be "systematic medical fraud" within Tufts, including "non-standard medical notes and pathology specimens."

On August 23, 2023, after noticing "significant discrepancies" between a specimen she was studying and the notes relating to the specimen, she conveyed her concerns to Chief Resident Adnan Qamar, who dismissed her concerns.

Yaghoobi then discovered the next day, August 24th, that her ID badge had been deactivated and that Tufts had revoked her access to her work email. Immediately thereafter, Yaghoobi was taken to an emergency room at Tufts Medical Center, involuntarily placed under psychiatric observation and forced to undergo a mental health evaluation.  Yaghoobi's records were also manipulated to reflect that her admission was voluntary.

As it relates to Point32, referred to in the amended complaint as Tufts Health Plan, they reportedly called the plaintiff "shortly

---

[1] The amended complaint refers to Yaghoobi in one part using masculine pronouns but elsewhere uses female pronouns.  The court understands the use of female pronouns to be correct and proceeds that way here.

2

after" the incident -- it is unclear whether this was the same day or the next day -- and left her a voicemail. In it, they asked how she was doing and provided their contact information in case she wanted to return the call. Regarding defendant Sothy Soeum, the amended complaint contains no specific allegations against her but the original complaint avers that she is the Tufts Health Plan employee who left Yaghoobi the voicemail asking how she was doing, and the court presumes that this is the basis for any claim against Soeum.

Against this backdrop, the amended complaint asserts many claims against many entities but only two claims against these two defendants. Count Four alleges that both defendants conspired (along with others) to "falsely label the plaintiff with a mental health issue," in violation of 18 U.S.C. § 241; and (2) Count Eight alleges that Point32Health (but not Soeum) committed medical malpractice through the use of "wrongful hospitalization, false documentation, and unauthorized patient care practices."

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "enough facts to state a claim [for] relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The facts, accepted as true, must "allow the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, the allegations must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must show more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  Pro se litigants are held to a relaxed pleading standard "to avoid inappropriately stringent rules and unnecessary dismissals." *Sergentakis* v. *Channell*, 272 F.Supp.3d 221, 224 (D. Mass. 2017). However, "this cannot be taken to mean that pro se complaints are held to no standard at all."  *Id.* at 224-225.

**III. Analysis**

A. Count Four – Violation of 18 U.S.C. § 241.

Yaghoobi claims that the Point32 defendants conspired with others to label her as mentally ill to hide Tuft's fraudulent practices, in violation of 18 U.S.C. § 241 (Section 241).  Section 241 makes it a crime for any person to conspire with another person to "injure, oppress, threaten, or intimidate any person" who is freely exercising or enjoying their constitutional rights.  *See* 18 U.S.C. § 241.

The defendants advance three arguments why Count Four fails to state a viable claim:  (1) Section 241 does not provide for a private right of action; (2) the amended complaint does not allege facts evincing a conspiracy; and (3) federal law expressly permits

4

health insurers to possess and make use of a patient's private health information.  It is not necessary to consider the defendants' second and third arguments because the first disposes of the plaintiff's claim.

As the defendants argue, Section 241 does not provide for a private cause of action.  Rather, Section 241 is a federal, criminal statute which is available to the federal government alone to prosecute individuals for conspiring to violate the constitutional rights of others.  By contrast, it does not authorize individuals like the plaintiff to sue others in a civil lawsuit for violating her constitutional rights.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)").  For that reason, even accepting the plaintiff's allegations as true, that is, even assuming that all of the defendants named in Count Four conspired to violate the plaintiff's constitutional rights, Section 241 does not provide her with a basis to sue any of them.  Count Four therefore fails to state a viable claim and will be dismissed.

B. Count Eight – Medical Malpractice

Count Eight alleges that Point32 committed medical malpractice through the "wrongful hospitalization" of the

5

plaintiff and use of "false documentation" and "unauthorized patient care practices". To establish liability in a medical malpractice claim, Yaghoobi must prove that (1) the defendant is a healthcare provider, (2) the defendant's performance did not conform to good medical practice, and (3) the plaintiff suffered damages as a result. See e.g., *McCusker v. United States*, 706 F.Supp.3d 175, 178 (D. Mass. 2023).

As a threshold matter, Count Eight as framed is arguably too vague to permit any named defendant to discern the specific act(s) each is alleged to have committed that caused the plaintiff harm, and that alone would be grounds to dismiss the claim. *See* Fed. R. Civ. P. 8(a)(2) (instructing that a pleading "must" contain a short and plain statement "showing that the pleader is entitled to relief"). But even assuming Count eight could be reframed to better specify who provided what treatment to the plaintiff on August 24th, the claim would still fail against Point32. That is because the amended complaint fails to plead facts showing that Point32 provided *any* care or treatment to the plaintiff at all. On the contrary, and as Point32 notes, the amended complaint asserts that Point32 only interacted with the plaintiff *after* the plaintiff had completed her evaluation/treatment and left the hospital, with that interaction consisting solely of the follow-up phone call to the plaintiff through Ms. Soeum. The amended

6

complaint also fails to allege facts that might otherwise allow for an inference that Point32 played some meaningful role in the plaintiff's August 24th hospitalization or treatment. It does not, for example, allege that Point32 participated in the decision to involuntarily hospitalize and treat the plaintiff, or supervised, managed, or controlled the providers who did. Accordingly, even assuming, solely for the sake of argument, that the plaintiff suffered malpractice from her treatment on August 24th, the amended complaint fails to plead facts linking Point32 to that malpractice. Count Eight therefore will be dismissed as to Point 32.

### IV. Conclusion

In light of the foregoing, the defendants' motion to dismiss Counts Four and Eight (D. 48) is granted. As these are the only two counts in which the moving defendants are named, the amended complaint shall be dismissed against them in its entirety.[2]

So Ordered.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  December 2, 2024

---

[2] The plaintiff has moved for leave to file a second amended complaint (D. 79) but that proposed new pleading seeks only to add new claims against other defendants not involved here and thus does not impact the court's consideration of the present motion.