UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VESAL YAGHOOBI,<br><br>                    Plaintiff,<br><br>          v.<br><br>TUFTS MEDICAL CENTER, INC.; TUFTS MEDICINE, INC.; POINT32HEALTH, INC.; PHYSICIAN HEALTH SERVICES, INC.; MATTHEW SHORTELLE, JD; KARI ROBERTS, MD; ADNAN QAMAR, MD; ZAHRA JALALI, MD; JUSTIN POPSO, MD; GLENN BAUMANN, MD; JESSICA BROWN, RN; MECHELE HAGAN, LICSW; and SOTHY SOEUM,<br><br>                    Defendants. | No. 23-cv-12464-DLC |

**ORDER ON DEFENDANTS' MOTION TO DISMISS (D. 56)**

CABELL, U.S.M.J.

   Vesal Yaghoobi ("Yaghoobi" or "the plaintiff"), proceeding pro se, has brought suit against multiple individuals or entities arising from her time as a pathology resident at Tufts Medical Center ("Tufts").[1]  Defendants Physician Health Services ("PHS") and Michele Hagan ("Hagan") (collectively, "the defendants") move to dismiss Counts Four, Eight and Eleven of the amended complaint, the only counts in which they are directly or indirectly named,

---

[1] The plaintiff has since obtained counsel.

for failure to state a valid claim.[2]  Fed. R. Civ. P. 12(b)(6). The court will grant the motion for the reasons stated below.

## I. Relevant Background

Accepting the amended complaint's salient allegations as true, Yaghoobi in 2023 was a third-year pathology resident at Tufts.  In early August 2023, she discovered what she believed to be "systematic medical fraud" within Tufts, including "non-standard medical notes and pathology specimens."  On August 23, 2023, after noticing "significant discrepancies" between a specimen she was studying and the notes relating to the specimen, she conveyed her apprehension to Chief Resident Adnan Qamar, also a named defendant, who dismissed her concerns.

The following day, August 24, Yaghoobi learned that her ID badge had been deactivated, and that Tufts had revoked her access to her work email.  Shortly thereafter, she was taken to the emergency room at Tufts Medical Center, where she was involuntarily placed under psychiatric observation and forced to undergo a mental health evaluation.

On August 28, Tufts told Yaghoobi that it was requiring PHS to evaluate her mental and physical health.  To conform with this

---

[2] The plaintiff explicitly names the moving defendants in Counts Four and Eight but brings Count Eleven against "multiple defendants," including "Tufts Medical Center Inc. and various individuals".  The defendants address the viability of Count Eleven to the extent the plaintiff may deem them to be one of the "various individuals".

2

mandate, Yaghoobi communicated with PHS both directly and through her attorney. She asserts that "unauthorized communication" occurred between her and a PHS employee. Additionally, although PHS requested medical tests for Yaghoobi, Yaghoobi claims they misled her attorney about the terms and conditions of the evaluation.

Against this backdrop, Count Four of the amended complaint alleges that the defendants conspired to violate the plaintiff's constitutional rights in violation of 18 U.S.C. § 241. Count Eight asserts that they committed medical malpractice through the use of "wrongful hospitalization, false documentation, and unauthorized patient care practices." Finally, Count Eleven asserts a claim of defamation against "multiple defendants".

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "enough facts to state a claim [for] relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The facts, accepted as true, must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the allegations must be "more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation" and must show more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

Pro se litigants are held to a relaxed pleading standard "to avoid inappropriately stringent rules and unnecessary dismissals." *Sergentakis v. Channell*, 272 F. Supp. 3d 221, 224 (D. Mass. 2017). However, "this cannot be taken to mean that pro se complaints are held to no standard at all."  *Id*. at 224-225.

**III. Analysis**

A. Count Four

Yaghoobi claims that the defendants conspired with others to label her as mentally ill to hide Tuft's fraudulent practices, in violation of 18 U.S.C. § 241 ("Section 241").  Section 241 makes it a crime for any person to conspire with another person to "injure, oppress, threaten, or intimidate any person" who is freely exercising or enjoying their constitutional rights.  *See* 18 U.S.C. § 241.

Count Four fails summarily (against any named defendant) because Section 241 does not provide for a private cause of action. Section 241 is a federal, criminal statute which only the federal government may use, to prosecute individuals in criminal matters. By contrast, it does not permit private individuals, such as the plaintiff, to sue others in a civil lawsuit. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States

as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)"). As such, even assuming *arguendo* that the defendants and others conspired to violate the plaintiff's constitutional rights, Section 241 does not provide the plaintiff with a basis to seek relief here. Count Four thus fails to state a viable claim and will be dismissed.

B. Count Eight

Count Eight alleges that the defendants committed medical malpractice through the "wrongful hospitalization" of the plaintiff and the use of "false documentation" and "unauthorized patient care practices". To establish liability in a medical malpractice claim, Yaghoobi must prove that each defendant (1) is a healthcare provider, (2) provided her care that did not conform to good medical practice, and (3) caused her to suffer damages as a result. *See e.g., McCusker v. United States*, 706 F. Supp. 3d 175, 178 (D. Mass. 2023).

The amended complaint references PHS in just two paragraphs. It alleges that PHS requested medical tests, that some "unauthorized communication" occurred between a PHS employee and the plaintiff, and that PHS provided misleading information about the "terms and conditions" of her evaluation. The amended complaint does not mention Hagan at all, but the defendants presume

she is the PHS employee who reportedly had the unauthorized communication.

In moving to dismiss, the defendants argue that the amended complaint fails to allege that PHS deviated from some accepted standard of care or indicate how they so deviated. They argue further that even if PHS did depart in some way from an accepted standard of care, the amended complaint fails to allege or show that this departure caused the plaintiff to suffer harm or damages. The court agrees.

To be sure, it is not always necessary to plead every element of a claim to survive a Rule 12(b)(6) motion. However, the amended complaint here, even when read liberally, alleges at most that PHS provided unwanted medical treatment rather than harmful medical treatment. Indeed, it remains unclear exactly what harm, if any, physical or otherwise, the plaintiff is alleged to have suffered. As such, Count Eight fails to plead a viable malpractice claim and will be dismissed.

C. Count Eleven

Count Eleven alleges that "multiple defendants" defamed the plaintiff. To prevail on a defamation claim, the plaintiff must show that (1) the defendant published a written statement (2) concerning her that was both (3) defamatory and (4) false, which (5) caused the plaintiff to suffer economic harm or harm to her

6

reputation. *See e.g., Noonan v. Staples*, 556 F.3d 20, 25 (1st Cir. 2009)

The plaintiff's claim here appears to rest on statements PHS reportedly made while overseeing the plaintiff's evaluation. The plaintiff alleges that she and a PHS employee had an "unauthorized communication," and that PHS provided "misleading information about the evaluation's terms and conditions" to the plaintiff's attorney.

Even taken as true, these allegations fail to state a valid defamation claim, for several reasons. First, the asserted facts suggest that "misleading information" was sent to the plaintiff through her attorney, but they fail to show or suggest that the defendants published a written statement. Further, assuming *arguendo* that the conveyance of information to the plaintiff through her attorney could constitute the publishing of a written statement, the statements apparently were not even about the plaintiff, but rather concerned the terms and conditions of the evaluation she was to undergo. Further still, even assuming that statements describing the parameters of the plaintiff's evaluation could be read to be about the plaintiff, the amended complaint still does not allege that any statements that were provided were defamatory, or false, and it also does not plead facts that would reasonably allow for such inferences to be drawn. Finally, the

facts also fail to suggest that any statements were ever published to the public, and/or caused the plaintiff to suffer economic or reputational harm. Count Eleven therefore will be dismissed.

**IV.  Conclusion**

The defendants' motion to dismiss Counts Four, Eight, and Eleven of the amended complaint as against them is <u>granted</u>. Inasmuch as these are the only counts in which the moving defendants are named, the complaint shall be dismissed against them in its entirety.

<u>*So Ordered.*</u>                                          /s/ Donald L. Cabell
                                                            DONALD L. CABELL, U.S.M.J.

DATED:  December 11, 2024